IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BASSAM ABDALLAH** *Plaintiff* | § § § | |
| v. | § § | C.A. NO. 4:22-cv-976 |
| **LIFE TIME FITNESS, INC. d/b/a LIFE TIME CHAMPIONS** *Defendants* | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant, **LIFE TIME, INC. (INCORRECTLY NAMED LIFE TIME FITNESS, INC. D/B/A LIFE TIME CHAMPIONS)** (hereinafter "Defendant" or "Life Time"), and hereby gives notice of its removal of Cause No. 2022-11316; filed in the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.   Life Time, Inc. (Incorrectly named Life Time Fitness, Inc. d/b/a Life Time Champions) owns and operates health clubs throughout the United States.

2.   Bassam Abdallah, Plaintiff, alleges that he sustained an injury on January 10, 2021, while inside a fitness studio room when he slipped on a wet floor, injuring his spine and knee at the Life Time Champions club in Houston, Texas. *See* Plaintiff's Original Petition, Sec. IV, Exhibit A.

3.   Plaintiff alleges Life Time is liable in negligence, vicarious liability, respondeat superior, and premises liability. *Id.* at Sec. V.

4.   Plaintiff seeks the following damages:

   a.   Medical expenses, past and future;

    b.  Physical pain and suffering, past and future;

    c.  Physical impairment, past and future;

    d.  Disfigurement, past and future;

    e.  Mental anguish, past and future;

    f.  Loss of earning capacity; past and future; and

    g.  Loss of household services, past and future.

*Id.* at Sec. VI.

5.    Plaintiff's jurisdictional statement indicates that they seek damages between $250,000 and $500,000. *Id.* at Sec. III.

6.    Plaintiff filed suit in Texas state district court on February 23, 2022 (Cause No. 2022-11316). *Id.*

7.    Life Time, Inc. was served on March 10, 2022. *See* Return of Citation, Exhibit B.

8.    Life Time, Inc. subsequently filed their Answer.

9.    Life Time, Inc. is a Minnesota company with its principal place of business in that State.

10.    Per his pleadings, Plaintiff is a Texas resident. *See* Exhibit A.

11.    Removal is both timely and appropriate because this case has been on file for less than one year, there is complete diversity, and the amount pleaded by the Plaintiff exceeds the $75,000.00 jurisdictional minimum.

### Basis for Removal and Jurisdiction

12.    This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has jurisdiction over this matter under

28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## Full Diversity Between the Parties

### *Complete Diversity of Citizenship*

13. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiffs are Texas citizen and none of the Defendants are Texas citizens or corporations.

14. Plaintiff, Bassam Abdallah, is a citizen of the State of Texas. *See* Exhibit A, Sec. I.

15. Defendant, Life Time, Inc. is organized under the laws of Delaware and with a principal place of business in Minnesota. This is where the "nerve center" of the corporation lies. *See* Certificate of Good Standing for Life Time, Inc. from the Minnesota Secretary of State, Exhibit C.

### *Amount in Controversy*

16. In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17. As discussed above, Plaintiff claims extensive injuries. *See* Exhibit A, Sec. V. The Plaintiff also explicitly seek damages over $250,000. *Id.* at VI.

18. Plaintiff's Petition asserts damages that exceed the minimum threshold for this Court's jurisdiction.

## Removal is Timely and Appropriate

19. A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b).

20. This removal is timely.

21. "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

643890.1 PLD 0018100 23007 SBN

Plaintiffs' Pleading expressly indicates that the amount in controversy exceeds $75,000.00.

22. Insofar as there is complete diversity and the amount in controversy exceeds the jurisdictional minimum, Life Time, Inc. has met its burden. Removal is apt.

## Jury Demanded

23. Defendant requests that the case be tried before a jury.

## Consent of Served Defendants

24. There are no co-defendants; no consent is required.

## Compliance with Local Rule and Notice Requirements

25. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

| | |
|---|---|
| Exhibit A | Plaintiffs' Original Petition |
| Exhibit B | Return of Citation on Life Time Fitness, Inc. |
| Exhibit C | Defendant's Original Answer |
| Exhibit D | Certificate of Good Standing for Life Time, Inc. from the Minnesota Secretary of State |
| Exhibit E | Civil Docket Sheet |

26. Defendant knows of no orders signed by the state judge.

27. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

28. For the reasons stated herein, Life Time, Inc. asks that this matter be removed from state Court to the Southern District of Texas Houston Division.

Respectfully submitted,

**LORANCE THOMPSON,**

643890.1 PLD 0018100 23007 SBN

A PROFESSIONAL CORPORATION

*/s/ Melanie R. Cheairs*
_____
Scott B. Novak
FBN: 777383
Melanie R. Cheairs
SBN: 13434
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
E-Mail: sbn@lorancethompson.com
E-Mail: mrc@lorancethompson.com
**ATTORNEY FOR DEFENDANT,
LIFE TIME FITNESS, INC.**

## CERTIFICATE OF SERVICE

On this 25th day of March, 2022 a true and correct copy of the foregoing instrument has been provided to all parties by United States mail, courier service, or telefax transmission.

Andrew Dao
Amanda Blons
**DALY & BLACK, PC**
2211 Norfolk Street, Suite 800
Houston, Texas 77098
E-Mail: ecfs@dalyblack.com

Lester B. Nichols, III
**NICHOLAS LAW GROUP, PLLC**
15422 Wilkshire Court
Houston, Texas 77069
E-Mail: law@lesternichols.com

_____
Melanie R. Cheairs

643890.1 PLD 0018100 23007 SBN