United States District Court
Southern District of Texas
**ENTERED**
January 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASSAM ABDALLAH, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:22-CV-00976 |
| | § |
| LIFE TIME FITNESS, INC., | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on December 7, 2023 (Doc. #21), and Defendant Life Time, Inc.'s Objections (Doc. #23). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

Defendant raises two primary objections to the Memorandum and Recommendation. First, Defendant argues that it is entitled to summary judgment with respect to its breach of contract counterclaim. Doc. #23 at 4. The Court finds that Defendant has conclusively established that Plaintiff breached the agreement at issue. However, Defendant failed to address in its Motion for Summary Judgment (Doc. #16), much less conclusively establish, the remaining elements of its breach of contract counterclaim. *See Trautmann v. Cogema Min., Inc.*, No. CIV.A. 5:04-CV-117, 2006 WL 2716156, at *2 (S.D. Tex. Sept. 20, 2006) (a party seeking summary judgment with respect to its own claims "must show the absence of a genuine issue of material fact as to each

element, rather than any single 'essential element,' of the claims for which they seek summary judgment"). Second, Defendant argues Plaintiff should not be permitted to amend his complaint to assert a gross negligence claim. Doc. #23 at 2–3, 7–8. Given that Rule 15(a) of the Federal Rules of Civil Procedure "evinces a bias in favor of granting leave to amend," the Court finds that Plaintiff's request for leave to amend should be granted. *See Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal quotations and citation omitted).

Therefore, the Court adopts the Memorandum and Recommendation as its Order, and Defendant's Motion for Summary Judgment (Doc. #16) is GRANTED IN PART. Specifically, summary judgment is granted with respect to Plaintiff's ordinary negligence and premises liability claims, as well as his affirmative defenses of undue influence and unconscionability. In addition, summary judgment is granted with respect to only the breach element of Defendant's breach of contract counterclaim. Furthermore, Plaintiff's request for leave to amend so that he may assert a gross negligence claim is GRANTED.

It is so ORDERED.

JAN 1 9 2024
Date

The Honorable Alfred H. Bennett
United States District Judge