United States District Court
Southern District of Texas
**ENTERED**
January 23, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Bassam Abdallah, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Case No. 4:22-cv-00976 |
| Life Time Fitness, Inc. d/b/a Life Time Champions, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND RECOMMENDATION

On December 7, 2023, Plaintiff Bassam Abdallah was granted leave to file a First Amended Complaint to assert a gross negligence claim. Dkt. 21. After Abdallah filed that amended pleading, Dkt. 22, Defendant Life Time Fitness, Inc. d/b/a Life Time Champions ("Life Time") filed a motion requesting leave to modify the scheduling order to permit Life Time to file an answer and a motion to dismiss under Rule 12(b)(6). Dkt. 24. Contemporaneously, Life Time filed its answer and Rule 12(b)(6) motion. Dkt. 25, 26.

Life Time's request for leave to file its responsive pleading and motion is granted. But this Court already analyzed Abdallah's allegations regarding gross negligence and concluded that they would survive a motion to dismiss. Dkt. 21 at 14-18; Dkt. 28 (adopting Dkt. 21). That decision is law of the case. Dkt. 28. As a result, for substantially the same reasons stated in the Court's

prior opinion, it is recommended that Life Time's renewed motion to dismiss Abdallah's gross negligence claim be denied. Life Time has, however, raised one new challenge—to the availability of exemplary damages. Because the undersigned agrees that Abdallah has not adequately pleaded a basis for exemplary damages, Life Time's motion to dismiss should be granted in this respect only, but otherwise denied.

## Background

The background for this case is detailed in a prior opinion and will not be repeated in full here. *See* Dkt. 21 at 2-4. Briefly summarized, Abdallah fell in a fitness studio at a Life Time facility after a Life Time employee had sprayed the floor with disinfectant. *See* Dkt. 22 at 2 (First Amended Complaint). The employee had not wiped down the high-traffic area after spraying it, nor had Life Time taken any steps to warn patrons of the danger. *Id.* In fact, patrons were just a few feet away when the employee sprayed cleaning solution on the floor. *Id.* Abdallah slipped on the wet flooring and injured himself. *Id.*

Abdallah filed this suit in Texas state court, claiming ordinary negligence, premises liability, and vicarious liability. Dkt. 16-2 (DX-A). Life Time removed the suit to this Court, invoking diversity jurisdiction. Dkt. 1. Life Time alleged, as an affirmative defense, that Abdallah had waived and released his negligence claims. Dkt. 4 at 5-7 (sixth and twelfth defenses).

Interrelatedly, Life Time asserted a counterclaim that Abdallah breached the Agreement's covenant not to sue by filing this suit. *Id.* at 9-10.

Abdallah moved to strike Life Time's counterclaim, Dkt. 8, but the Court denied his motion, Dkt. 15. In his answer, Abdallah raised the affirmative defenses of undue influence and unconscionability. Dkt. 9 at 1.

Life Time subsequently filed a motion for summary judgment. Dkt. 16. Embedded in his response to that motion, Abdallah requested leave to amend his complaint to include a gross negligence claim based on the same underlying facts as his ordinary negligence claims. Dkt. 18 at 1; *see also* Dkt. 19 at 1-2 (Life Time's objection to request for leave to amend).

Based on an explicit waiver and release in Abdallah's membership agreement, the undersigned recommended that Life Time's motion for summary judgment be granted with respect to Abdallah's pending claims for negligence and premises liability. Dkt. 21 at 6-9. In addition, the opinion concluded that Abdallah failed to raise a fact issue on his affirmative defenses to enforcing the waiver and release. *Id.* at 9-12. The opinion further concluded that Life Time had conclusively established the breach element of its counterclaim for breach of the waiver and release. *Id.* at 12-13.

The opinion then turned to Abdallah's request for leave to assert a gross negligence claim based on the same facts contained in his original pleading. Marshaling extensive authorities—including federal decisions denying

3

motions to dismiss similar gross negligence claims—the opinion concluded that Abdallah had plausibly asserted a gross negligence claim.  *Id.* at 14-18. Notably, Life Time failed to assert that the proposed gross negligence claim would be futile.  *See* Dkt. 19 at 1-2.  Instead, Life Time asserted that leave to amend should be denied because of "bad faith" and "dilatory purposes."  *Id.* Concluding that the record did not support Life Time's contentions, the Court granted Abdallah's request for leave to assert a gross negligence claim.  Dkt. 21 at 18-22.

The Court overruled Life Time's objections and adopted the undersigned's recommendation.  Dkt. 28.  In the interim, Abdallah filed his amended pleading, Dkt. 22, which prompted Life Time to file a motion to dismiss under Rule 12(b)(6), Dkt. 26, and a request for leave to file the motion, Dkt. 26.  Abdallah responded to the motion to dismiss, Dkt. 27, which is ripe for resolution.

## **Legal standard**

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favor to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

## Analysis

Life Time's motion to dismiss the gross negligence claim attempts to relitigate an issue that the Court already resolved. In its prior opinion, the Court granted Abdallah leave to amend his complaint to assert a gross negligence claim because his allegations would survive a motion to dismiss. *See* Dkt. 21 at 14-18; Dkt. 28 (adopting Dkt. 21). Life Time's cited authorities—none of which were resolved at the Rule 12(b)(6) stage—do not change the Court's conclusion that Abdallah has plausibly stated a gross negligence claim. Nevertheless, Life Time has correctly asserted that Abdallah failed to

adequately plead a basis for exemplary damages.  *See id.* at 7-8.  Thus, the request for exemplary damages should be dismissed.

**I.**     **Abdallah has plausibly stated a gross negligence claim.**

As noted above, this Court concluded that Abdallah "plausibly stated a claim for gross negligence" when granting him leave to assert it.  Dkt. 21 at 15; Dkt. 28 (adopting Dkt. 21).  That analysis forecloses Life Time's request for dismissal of the gross negligence claim.

Gross negligence has both (1) an objective component, demanding an "extreme degree of risk, considering the probability and magnitude of the potential harm to others" and (2) a subjective component, requiring actual awareness of that risk and proceeding with "conscious indifference to the rights, safety, or welfare of others."  *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (quoting *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001)).  Under the objective prong, "an extreme risk is 'not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'"  *Id.* (quoting *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)).  The subjective prong requires evidence, including circumstantial evidence, that the defendant did not care despite having actual knowledge of the peril.  *Id.*

Abdallah alleges that Life Time's employee sprayed the floor of a fitness studio with cleaning solution without wiping it dry.  Dkt. 22 at 2.  The employee

did so despite patrons being in close proximity, and despite it being a high traffic area.  *See id.*  Moreover, there were no indications that the floor was wet with disinfectant.  *Id.*  And despite the extreme risk of serious injury posed by damp floors, neither the employee nor anyone else at Life Time took steps to mitigate or warn of the hazard.  *Id.*  Abdallah then fell on the wet surface, injuring his back, hip, and knee.  *Id.*

The foregoing allegations—and all reasonable inferences therefrom—plausibly state gross negligence because (1) on the objective prong, "[s]praying a floor with liquid in a high-traffic area, and in close proximity to patrons, creates a high likelihood of falls, particularly when Life Time allegedly failed to warn about the hazard or undertake any effort to mitigate it," and (2) on the subjective prong, the employee's intentional act of spraying the floor without attempting to warn about or mitigate the hazard supports knowledge of and conscious indifference to the danger.  Dkt. 21 at 17-18.

Analogous allegations supporting both prongs of gross negligence have proceeded past the pleading stage.  *See, e.g.*, *Santisteven v. Braum's Inc.*, 2017 WL 673828, at *1, 3 (E.D. Tex. Jan. 23, 2017) (denying motion to dismiss gross negligence claim where plaintiff allegedly fell on previously mopped floor that lacked adequate warning that floor was slippery; distinguishing cases that involved motions for summary judgment), *adopted by* 2017 WL 568709 (E.D. Tex. Feb. 13, 2017); *cf. Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F. Supp. 3d

638, 643, 650 (W.D. Tex. 2022) (denying motion for summary judgment on gross negligence when evidence showed that Walmart employee noticed curl in edge of mat on which many patrons had walked but did not remedy the hazard that caused plaintiff's fall); *Briley v. Wal-Mart Stores, Inc.*, 2018 WL 276368, at *1, 4 (S.D. Tex. Jan. 3, 2018) (same result, where patron slipped and fell on cherries on store floor in high-traffic-area display that lacked floor mats).

Life Time's arguments confuse the standard for pleading with the standard of proof. At trial, Abdallah would need to prove more than "momentary thoughtlessness, inadvertence, or error of judgment." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (quoting *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981)). And, as Life Time emphasizes, more than evidence of simple negligence would be necessary to recover. *See Medina v. Zuniga*, 593 S.W.3d 238, 248 (Tex. 2019) (holding that speeding driver who failed to stop at an exit and only looked to his left before exiting was not grossly negligent).

But Life Time's lead authorities hinge on evidence, not allegations. *See Medina*, 593 S.W.3d at 248-49 (trial evidence did not support jury's gross negligence finding); *Ellender*, 968 S.W.2d at 924-25 (legally sufficient evidence supported jury's finding of gross negligence); *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 926 (Tex. App.—Houston [1st Dist.] 1988, no writ) (analyzing trial evidence); *Minton v. Intercontinental Terminals Co.*, 2023 WL 6542106,

at *1 (S.D. Tex. Oct. 6, 2023) (denying summary judgment on gross negligence). Given the facts detailed in the background section of his amended pleading, which must be accepted as true, Abdallah has included enough to state a plausible claim.  Life Time's motion to dismiss this claim should be denied.

## II.  Abdallah has not plausibly asserted a basis for exemplary damages against Life Time.

Abdallah's request for exemplary damages is another matter.  Life Time argues that Abdallah failed to plead a sufficient factual basis for exemplary damages.  Dkt. 26 at 7-8.  Tellingly, Abdallah does not address this issue.  *See generally* Dkt. 27.  The lack of supporting allegations warrants dismissing his request for exemplary damages.

"A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence." *Ellender*, 968 S.W.2d at 921.  This threshold requires showing that the corporation (1) authorized or ratified an agent's gross negligence; (2) was grossly negligent in hiring an unfit agent; or (3) committed gross negligence through the actions or inactions of a vice principal.  *See id.* at 921-22.

Abdallah's amended pleading does not address these requirements.  There is no indication that Life Time authorized or ratified its employee's conduct.  Nor does Abdallah accuse any Life Time vice principal of wrongdoing.  At most, Abdallah alleges that Life Time "put unqualified and untrained

employees to apply cleaning solutions around patrons." Dkt. 22 at 2. This conclusory allegation is inadequate on its face. Moreover, it does not suggest that the employee who sprayed the floor was unfit for the job when Life Time hired him.

The dearth of supporting allegations is particularly glaring, given that Abdallah had the benefit of full discovery before filing his amended complaint. *See* Dkt. 14, 27. Yet Abdallah neither acknowledged nor addressed Life Time's challenge to exemplary damages. *See* Dkt. 27. Because Abdallah failed to plead any basis for gross negligence by Life Time itself, he cannot recover exemplary damages. His request for that relief should be dismissed.

## Recommendation and Order

For the foregoing reasons, it is **ORDERED** that Defendant Life Time Fitness's request for leave to file its motion to dismiss and answer to the First Amended Complaint (Dkt. 24) is **GRANTED**.

It is further **RECOMMENDED** that Defendant Life Time Fitness, Inc.'s motion to dismiss (Dkt. 26) be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Bassam Abdallah's request for exemplary damages should be **DISMISSED**. In all other respects, the motion to dismiss should be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude**

appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 23, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge